UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Myers, # 258396, | ) |
| | ) |
| | )   C/A No. 6:14-108-MGL-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **Report and Recommendation** |
| State of South Carolina; | ) |
| Leon Lott, *Richland County Sheriff*; | ) |
| Melissa Chadwick, *Alleged Victim*; | ) |
| Richland County Chief Solicitor; | ) |
| Jason Kings, *Richland County Public Defender*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

**Background of this Case**

Plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections.  In the above-captioned civil rights action, Plaintiff has brought suit against the State of South Carolina, the Sheriff of Richland County, the victim of Plaintiff's crimes, the "Richland County Chief Solicitor" (Fifth Circuit Solicitor), and the Richland County Public Defender.

On page 2 of the Complaint, Plaintiff states that he was falsely accused of two "horrific crimes" that he did not commit, first-degree criminal sexual conduct and kidnapping (ECF No. 1 at 2).  In the "STATEMENT OF CLAIM" portion of the Section 1983 Complaint, Plaintiff alleges or contends: *(1)* on June 11, 2002, Plaintiff was falsely accused by Defendant Chadwick of raping and kidnapping her; *(2)* on June 20, 2002, Plaintiff was wrongfully arrested by officers of the Richland County Sheriff's Department and taken to

the Alvin S. Glenn Detention Center; *(3)* Plaintiff was denied bond; *(4)* samples of Plaintiff's

DNA were taken on June 24, 2002, and on January 5, 2003, *(5)* Plaintiff's DNA did not

"match" the alleged victim; *(6)* Plaintiff went to trial on April 21, 2003, was "wrongfully"

convicted on April 23, 2003, and was sentenced to twelve years on each charge; *(7)*

Plaintiff's Public Defender refused to present evidence to the trial court or to the jury and

"became adversary" to Plaintiff; *(8)* Plaintiff and his family have suffered "great loss"

because of Plaintiff's wrongful conviction; *(9)* Plaintiff owes $98,000 in child support; *(10)*

Plaintiff asks "the Lord God to forgive everyone that took part in this Evil Act," which

caused suffering to Plaintiff and his family; *(11)* Plaintiff was the victim of malicious

prosecution; *(12)* evidence was withheld from Plaintiff; and (13) Plaintiff did not receive the

effective assistance of trial counsel (*Id*. at 3–6). In his prayer for relief, Plaintiff seeks

appointment of counsel, a subpoena for medical records and other evidence, one hundred

fifty million dollars in compensatory and punitive damages, consequential damages for lost

wages and medical bills, a court order taking Plaintiff off the Sex Offender Registry, and

a court order expunging Plaintiff's arrest record (*Id*. at 7).

## *Discussion*

Under established local procedure in this judicial district, a careful review has

been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C.

§ 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se*

litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*,

551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se*

complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.

2

*Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the Complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department.  *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002), and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808–09 (D.S.C. 1978).

Sheriff's Departments in South Carolina are state agencies, not municipal departments.  *See* S.C. Code Ann. § 23-13-550 (Westlaw 2014).  As a result, Sheriff Leon Lott is immune from suit under the Eleventh Amendment.  *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ".  .  .  Sheriff Brown is an arm of the State.").

Plaintiff's Complaint concerns matters pertaining to his convictions and sentences for kidnapping and first-degree criminal sexual conduct entered in the Court of General Sessions for Richland County.  However, until Plaintiff's convictions are set aside, any non-habeas civil action based on the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Plaintiff has neither alleged nor demonstrated that his underlying convictions or sentences have been invalidated; thus, this action is barred by *Heck*.  *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90

3

(D.S.C. 2008); *see also Jerome Myers v. Knowlin*, Civil Action No. 6:09-1076-CMC, 2011 WL 1515142 (D.S.C. Apr 14, 2011) (granting summary judgment to respondent in Petitioner's prior habeas corpus action), *appeal dismissed*, 2011 WL 3510867 (4th Cir. Aug. 11, 2011).

The "Richland County Chief Solicitor" has prosecutorial immunity from suit. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009). Jason Kings, Plaintiff's Public Defender, is entitled to summary dismissal for lack of action under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981).

Plaintiff cannot obtain release from jail or prison in this civil rights action. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983); *see also Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

January 21, 2014                                 s/ Kevin F. McDonald
Greenville, South Carolina                  United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).